McGREGOR W. SCOTT
United States Attorney
ERIN M. SALES
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the United States

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $15,900.00 IN U.S. CURRENCY,<br><br>Defendant. | No. 1:18-MC-00050-DAD<br><br><u>CONSENT JUDGMENT OF FORFEITURE</u> |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about February 14, 2018, Homeland Security Investigations ("HSI") agents seized Approximately $15,900.00 in U.S. Currency (the "Defendant Currency").

2. HSI commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about April 12, 2018, HSI received a claim from Daniel A. Rodriguez ("Daniel") asserting an ownership interest in the Defendant Currency.

3. The United States represents that it could show at a forfeiture trial that on or about January 17, 2018, law enforcement conducted a traffic stop on a silver Lexus IS-250. The driver and sole occupant of the vehicle verbally identified himself as Andrew Rodriguez ("Andrew"). Law enforcement located a cell phone and approximately $1,241.00 in U.S. Currency on Andrew's person. Law enforcement also located a wooden baton or billy club-type object, various bundles of U.S. Currency totaling approximately $3,100.00, approximately 21.5 grams of methamphetamine, more than

1

84 grams of marijuana, approximately 15.5 phentermine pills, packaging materials, and four cell phones inside the Lexus. Law enforcement subsequently obtained a search warrant for 4011 E. Buckingham Way, Fresno, California ("E. Buckingham Way"), which law enforcement determined to be connected to Andrew.

4. On or about February 14, 2018, federal and state law enforcement responded to E. Buckingham Way to execute the search warrant. Upon responding, law enforcement observed a silver Lexus and another vehicle leave E. Buckingham Way. Law enforcement conducted traffic stops on both vehicles and identified Andrew as the driver of the Lexus and Daniel as the driver of the other vehicle. Law enforcement searched the Lexus and located approximately 2.5 ounces of methamphetamine, a loaded handgun, a scale, packaging material, several cell phones, and a large amount of U.S. Currency. Law enforcement also located brass knuckles inside the vehicle that Daniel was driving.

5. Upon executing the search warrant on E. Buckingham Way, law enforcement encountered Priscilla Zavala, Vanessa Rico ("Vanessa"), and Dhylon Rodriguez ("Dhylon") inside the residence.

6. Law enforcement located the Defendant Currency in Daniel's bedroom, with a portion of the amount found bundled in rubber bands inside a backpack and the remaining portion found inside a box.

7. Law enforcement also located approximately $3,752.00 in Vanessa's purse. Vanessa gave law enforcement verbal consent to search her cell phone and unlocked her phone. Law enforcement located a pay/owe sheet on Vanessa's cell phone, which was current as of 1:00 a.m. that morning. The notes on Vanessa's cell phone had different names and monikers, as well as the words "fronted" and how much money was owed, which was approximately $7,000.00. Vanessa subsequently stated that said she did not handle the drugs or the money, only that she was good with numbers.

8. Dhylon stated that approximately $4,000.00 to $5,000.00 of the money located inside E. Buckingham Way was his money that he was saving from work.

9. After the search, Daniel told law enforcement that he did not care to talk about the approximately $15,000.00 located in his bedroom and that he did not know to whom all of the money belonged. Daniel also stated, however, that approximately $4,000.00 was his money that he had been

2

saving.

10. After being reminded of his Miranda rights, Andrew stated that some of the money seized from E. Buckingham Way was his brother's and cousin's money. Andrew also admitted, however, that some of the money was his proceeds from prior drug transactions that he was going to use to pay off a drug debt.

11. The United States could further show at a forfeiture trial that the Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

12. Without admitting the truth of the factual assertions contained above, Daniel Rodriguez, Andrew Rodriguez, Dhylon Rodriguez, Vanessa Rico, and Priscilla Zavala (hereafter "Potential Claimants") specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Potential Claimants agree that an adequate factual basis exists to support forfeiture of the Defendant Currency. Potential Claimants hereby acknowledge that Daniel Rodriguez is the sole owner of the Defendant Currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the Defendant Currency, Potential Claimants shall hold harmless and indemnify the United States, as set forth below.

13. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

14. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the Defendant Currency was seized.

15. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

16. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

17. Upon entry of the Consent Judgment of Forfeiture, $8,900.00 of the Defendant Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the

United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

18. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $7,000.00 of the Defendant Currency shall be returned to Potential Claimant Daniel Rodriguez.

19. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the Defendant Currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Potential Claimants waived the provisions of California Civil Code § 1542.

20. No portion of the stipulated settlement, including statements or admission made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

21. All parties will bear their own costs and attorney's fees.

22. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein (*see* Doc. No. 1-1), the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described Defendant Currency.

IT IS SO ORDERED.

Dated: **October 22, 2018**

UNITED STATES DISTRICT JUDGE